UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lalaine Gil,

          Plaintiff

v.

Venetian Casino Resort, LLC, et al.,

          Defendants

Case No. 2:23-cv-00424-CDS-NJK

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 10]

    Pro se plaintiff Lalaine Gil brings this employment-discrimination lawsuit against defendants Venetian Casino Resort, LLC and Sierra Nevada Administrator, Inc.,[1] alleging race discrimination under Title VII, disability discrimination under the Rehabilitation Act, wrongful termination, and retaliation. Venetian moves to dismiss. Gil failed to respond to the motion. After weighing the relevant factors—and because Gil's failure to oppose the motion constitutes her consent to its granting—I grant Venetian's motion to dismiss in its entirety.

I.    **Relevant procedural history**

    Gil initiated this action on March 21, 2023, by filing a complaint along with an application to proceed in forma pauperis (IFP). IFP, ECF No. 2. After screening the application, Magistrate Judge Nancy J. Koppe concluded that Gil had sufficient income to pay the filing fee in this case, and she recommended denying Gil's IFP application and ordering her to pay the requisite filing fee to proceed with this case. R&R, ECF No. 4. Gil was ordered to pay the filing fee by May 10, 2023. Order, ECF No. 5. Twelve days after the deadline, Gil paid the filing fee.

---

[1] Nothing in the record shows that Sierra Nevada Administrator has been served in this case. A summons was issued on May 22, 2023, but no proof of service was filed—nor has Sierra Nevada appeared in this case. If Gil wishes to proceed with her claims against Sierra Nevada, she must promptly file proof of service. Under Federal Rule of Civil Procedure 4(m), Gil must serve Sierra Nevada within 90 days of the complaint's filing. Failure to file such proof could result in dismissal of the action without prejudice. Fed. R. Civ. P. 4(m).

ECF No. 6. The following day, almost forty-five days past the deadline, Gil objected to the magistrate judge's report and recommendation (R&R). Obj., ECF No. 8. I overruled Gil's objection as moot because she had already paid the filing fee. Order, ECF No. 9. Now, Venetian moves to dismiss the complaint, and to date, Gil has not filed an opposition.

The Venetian seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 10. First, it argues that the complaint should be dismissed because Gil's claims are barred by the applicable statutes of limitations. *Id.* at 6. Second, it asserts that Gil's claims for race discrimination and retaliation fail because she has not exhausted her administrative remedies, meaning that this court lacks subject-matter jurisdiction over those claims. *Id.* at 6–7. Third, it contends that the disability-discrimination claim should be dismissed because Venetian is not bound by the Rehabilitation Act, as it is not a part of the federal government. *Id.* at 8. Moreover, if it were subject to the Rehabilitation Act, Venetian argues that Gil fails to allege that she is a qualified individual with a disability under the relevant standards. *Id.* at 8–9. Last, it asserts that Gil fails to state a claim for wrongful termination by merely alleging that she was terminated because of her scheduling limitations related to childcare. *Id.* at 9–10.

       The Venetian filed its motion to dismiss on June 12, 2023. ECF No. 10. Local Rule 7-2(b) requires that "the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion." LR 7-2(b). On June 14, 2023, I issued a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland*, thereby making Gil's opposition due June 28, 2023. *See* ECF No. 12. But Gil failed to file an opposition to the Venetian's motion, leading Venetian to file a notice of non-opposition on July 6, 2023, pointing out Gil's failure to respond. Notice, ECF No. 16.

**II.     Legal standard**

       Unlike when considering a motion for summary judgment, district courts are not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to

dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. In this district, the local rules provide that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors outlined in *Ghazali v. Moran*: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

### III.   Discussion

The relevant inquiry is whether, applying the five factors set forth in *Ghazali*, dismissal of all claims against Venetian is appropriate based on Gil's failure to file a response brief. The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Gil's claims. Even now, more than a week beyond the response deadline of June 28, 2023, Gil has yet to respond to the motion to dismiss. As noted above, Gil has repeatedly failed to comply with other court ordered deadlines in this case. *See generally* ECF Nos. 4, 5, 6, 8, 12. Gil's disregard for these orders has delayed litigation and disrupted the court's timely management of its docket.

The third factor also weighs in favor of dismissal of Gil's claims. There is no apparent risk of prejudice to Venetian by dismissing this action, as it was Venetian itself that filed the motion to dismiss. In fact, there may be more prejudice if I fail to dismiss Gil's claims. As set forth in

Venetian's motion, it appears that Gil has allegedly failed to exhaust potential administrative remedies regarding her allegations of race discrimination under Title VII.

As mentioned earlier, public policy favors disposing of cases on their merits. While the fourth factor weighs against dismissal because it will not resolve the case on the merits, a resolution on the merits is not a possibility with no response to the pending motion from Gil. Finally, with respect to whether less drastic measures have been considered, I have considered the alternatives and conclude that dismissal without prejudice is the least drastic measure. Thus, the fifth factor also weighs in favor of dismissal.

## IV.    Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss **[ECF No. 10] is GRANTED** without prejudice.

The Clerk of Court is instructed to enter judgment accordingly.

DATED: July 10, 2023

_____
Cristina D. Silva
United States District Judge